UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  21-cv-60380-DIMITROULEAS/Snow

JOSHUA GOLDSTEIN,

    Plaintiff,

vs.

STANLEY BLACK & DECKER, INC., BLACK
& DECKER (U.S.) INC., and HOME DEPOT
U.S.A. INC.,

    Defendants.

_____

**DEFENDANT HOME DEPOT U.S.A. INC.'S
ANSWER AND DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant Home Depot U.S.A. Inc. ("Home Depot") hereby files its Answer and Defenses to Plaintiff's Amended Complaint as follows:

1.     Home Depot admits the Amended Complaint seeks damages in excess of $30,000.

2.     Home Depot is incorporated in Delaware, with its principal place of business in the State of Georgia, and is authorized to do business in the State of Florida.

3.     Home Depot admits it sold DeWalt 20v Max Brushless Cordless Impact Drivers DCF836 which included 20 Volt 3.0 lithium ion batteries model DCB230[1].  However, Home Depot is without specific knowledge, and therefore denies, that the lithium ion battery described in the Amended Complaint ("the subject battery") was sold by Home Depot.

---

[1] The Amended Complaint incorrectly refers to the model number as "Deb 230."

4. Home Depot specifically denies there are any manufacturing or design defects in the subject battery that caused or contributed to any injuries of and any damages alleged by Plaintiff.

5. Home Depot specifically denies that it failed to meet its duty of care with regard to the sale of the subject battery.

6. Home Depot denies each and every remaining allegation of the Amended Complaint not specifically admitted herein, and demands strict proof thereof.

## DEFENSES AND AFFIRMATIVE DEFENSES

For its defense and/or affirmative defenses, Home Depot states:

7. Plaintiff was negligent, which negligence caused or contributed to the accident and the injuries complained of, thus barring or reducing proportionately all claims for damages against Home Depot.

8. The subject battery and/or its component parts were modified, altered and/or substantially changed after they left Home Depot's custody and control, thus barring or reducing proportionately all claims for damages against Home Depot.

9. To the extent the subject battery and/or its components or any other evidence or artifacts from the accident have been altered, changed, repaired and/or destroyed by any other person or entity, Plaintiff's claims should be barred due to Plaintiff's spoliation of evidence.

10. To the extent the subject battery and/or its component parts have been altered, changed, repaired and/or destroyed by any other person or entity, Plaintiff's claims should be barred due to Plaintiff's spoliation of evidence.

11. Plaintiff was adequately and appropriately warned, which warnings were not heeded by Plaintiff, thus barring or reducing proportionately all claims for damages against Home Depot.

12. At the time and place complained of and prior thereto, the subject battery and/or its component parts had been subject to unforeseeable use, abnormal use, or misuse by Plaintiff or others, which caused or contributed to the accident and injuries alleged, thus barring or reducing proportionately all claims for damages against Home Depot.

13. At the time and place complained of, Plaintiff voluntarily used the subject battery knowing the design, manufacture and condition of said product and its component parts, and realizing the possibility of injury, and assumed the risk thereof.

14. At the time and place complained of, Plaintiff used the subject battery in dangerous or unsafe conditions, which caused or contributed to the accident and injuries alleged, thus barring or reducing proportionately all claims for damages against Home Depot.

15. The design and manufacture of the subject battery and its component parts conformed with the state of the art in the battery industry at the time of its sale, and was manufactured and prepared to conform to the generally recognized and applicable standards in existence at the time of its manufacture and sale.

16. The injuries complained of were caused by the careless and negligent acts or omissions of a person or persons, entity or entities, known or unknown, for whose conduct Home Depot bears no responsibility.  These acts or omissions were the proximate cause of the injuries to Plaintiff, thus barring or reducing proportionately all claims for damages against Home Depot. Home Depot reserves the right to amend this affirmative defense prior to trial if any other responsible parties or nonparties are identified through discovery or investigation.

17. The injuries complained of were the proximate result of pre-existing injuries and conditions, accidental injuries and/or illnesses, natural disease processes, and not the negligence of Home Depot.

18. The provisions of Florida Statutes §768.81 are applicable to any recovery against Home Depot by Plaintiff herein.

19. Intervening or superseding acts occurred that were unforeseeable causes of the injuries and damages alleged in the Amended Complaint; such intervening or superseding acts bar or reduce substantially Plaintiff's claim for damages against Home Depot.

20. Home Depot is entitled to a set-off from any recovery against it in the amount of any settlement or other payment made to or on behalf of Plaintiff arising out of the accident which is the subject of this lawsuit.

21. Home Depot is entitled to a set-off from any recovery against it to the extent of any insurance benefits paid or payable to or on behalf of Plaintiff.

22. Home Depot is entitled to a set-off from any recovery against it to the extent of all collateral sources, and any and all other benefits received by or paid to or on behalf of Plaintiff.

23. To the extent Plaintiff has failed to mitigate, minimize or avoid any damage he allegedly sustained, Plaintiff's recovery must be reduced by the amount attributable to such failure.

24. Home Depot specifically reserves the right to amend and plead any and all affirmative defenses that become known to it during the course of discovery.

## DEMAND FOR JURY TRIAL

Home Depot respectfully demands a trial by jury as to all issues so triable as a matter of right.

WHEREFORE, Defendant Home Depot U.S.A. Inc. prays that judgment be entered in its favor and against Plaintiff as to all claims advanced by Plaintiff against it, that the costs of this action be taxed against Plaintiff, and for such other relief as the Court may deem appropriate.

Respectfully submitted,

*/s Ravika Rameshwar*
ROBERT L. BLANK
Florida Bar No.: 0948497
E-mail: rblank@rumberger.com
RAVIKA RAMESHWAR
Florida Bar No.: 123659
E-mail: rrameshwar@rumberger.com
RUMBERGER, KIRK & CALDWELL, P.A.
100 North Tampa Street, Suite 2000
Post Office Box 3390
Tampa, Florida 33601-3390
Telephone: (813) 223-4253
Telecopier: (813) 221-4752

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 24, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Todd R. Falzone, trf@kulaw.com and Josiah D. Graham, jdg@kulaw.com.

/s Ravika Rameshwar
ROBERT L. BLANK
Florida Bar No.: 0948497
E-mail: rblank@rumberger.com
RAVIKA RAMESHWAR
Florida Bar No.: 123659
E-mail: rrameshwar@rumberger.com
RUMBERGER, KIRK & CALDWELL, P.A.
100 North Tampa Street, Suite 2000
Post Office Box 3390
Tampa, Florida 33601-3390
Telephone: (813) 223-4253
Telecopier: (813) 221-4752

*Attorneys for Defendants*