UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 21-CV-60380-DIMITROULEAS/Hunt

JOSHUA E. GOLDSTEIN,

    **Plaintiff,**

vs.

BLACK & DECKER (U.S.) INC. AND
STANLEY BLACK & DECKER, INC.,

    **Defendants.**

_____/

**AGREED PROTECTIVE ORDER REGARDING
PRODUCTION OF CONFIDENTIAL, PROPRIETARY
AND TRADE SECRET INFORMATION TO PLAINTIFF**

The parties having agreed to the entry of a protective order pursuant to Fed.R.Civ.P. 26(c), as evidenced by the signatures of their respective counsel which are appended hereto and being willing to maintain the confidentiality of trade secrets or other proprietary commercial information obtained during discovery, and the Court having approved such order:

IT IS HEREBY ORDERED that, if in the course of proceedings in this action, Defendant Black & Decker (U.S.) Inc. ("BDUS") is required to disclose information which it contends is a trade secret or is of proprietary, confidential or commercially sensitive nature, the following procedure shall be employed:

1.    For purposes of this Order, confidential information means any document or tangible thing which is designated by BDUS as "confidential."  Confidential information includes, but is not limited to, testing documents, UL Listing, Bill of Materials, confidential research, drawings, development, financial, corporate, or other commercial documents for which BDUS asserts a trade secret or contends is proprietary commercial information.

2. Any confidential information of BDUS obtained by any other party to this action pursuant to discovery in this action may be used only for purposes of this action and not for any business or other purpose whatsoever, and not for any other litigation. Plaintiff's counsel shall not disclose any such "confidential" information to any person except in accordance with the terms of the protective order. Plaintiff's counsel, his staff and his experts shall not, under any circumstances, sell, offer for sale, advertise, or otherwise publicize either the contents of designated confidential documents or information, or communicate the fact that they have obtained confidential documents and/or information from BDUS except in accordance with the terms of the protective order.

3. Any document or tangible which BDUS claims is confidential must be designated on its face by prominently displaying the designation: "Confidential."

4. Claims of confidentiality as to documents made available to a party for inspection and copying shall be made before such documents are made available for inspection and copying, or after designation for copying by Plaintiff's counsel but prior to production of the requested copy.

5. All information produced pursuant to pretrial discovery in this action which is designated by BDUS as containing or comprising confidential information shall be produced to Plaintiff's counsel and shall not be disclosed to anyone except that any such confidential information and copies thereof as are reasonably necessary for trial preparation may be:

(a) furnished and disclosed by counsel of a receiving party to experts to assist in the preparation of this litigation for trial. Prior to disclosing confidential information to any such expert, a receiving party shall have such expert acknowledge in writing that he or she is fully familiar with the terms of this Order, agrees to comply with and be bound by this Order until modified by a further Order of the Court, and consents to the jurisdiction of the

Court for purposes of enforcing this Order in a form such as that attached as Exhibit A hereto.

(b)     viewed by regular employees of Plaintiff's counsel, assigned to and necessary to assist Plaintiff's counsel in the preparation of trial and pretrial discovery in this case.

6.      Plaintiff's counsel shall keep records of all copies of each confidential document or information made and/or distributed, in whole or in part, or any excerpts thereof to persons authorized in paragraph 5.  Any copies so distributed shall be returned to the Plaintiff's counsel immediately upon the completion of the purpose for which the person was retained in this case.

7.      Nothing in this Order shall bar or otherwise restrict Plaintiff's counsel from rendering advice to his client with respect to this action, and in the course thereof, from generally referring to or relying upon his examination of documents or information produced in this action.

8.      BDUS will use reasonable care to avoid designating any documents or information as confidential which contains information generally available to the public which is in fact not confidential.

9.      Failure by Plaintiff to expressly challenge a claim of confidentiality shall not be deemed an admission that the same is in fact confidential.  If a party objects to any claim of confidentiality, counsel shall first make a good faith effort to resolve any challenge of confidentiality.  If counsel are unable to resolve any challenge of confidentiality, the parties shall brief the issue to the Court for resolution, with the party claiming confidentiality bearing the burden of proof by preponderance of evidence.

10.     This Order shall not limit a party's right to:

(a)     seek modification of this Order from the Court or the opposing party, or

(b)     to object to or otherwise oppose production or admission of any document or information on grounds other than its confidentiality.

11.     Upon termination of this litigation whether by final judgment after appeal or by settlement, Plaintiff shall return to BDUS's counsel of record all confidential documents and all

copies he has made, including copies sent to Plaintiff's experts and/or Plaintiff's counsel shall destroy any such documents.

12. It is expressly understood and agreed that any person who violates the terms and conditions of this Order consents to the jurisdiction of this Court and may be subject to sanctions in the event of unauthorized use.

The parties having stipulated and agreed hereto, it is SO ORDERED, this _____ day of _____, 2022.

_____
WILLIAM P. DIMITROULEAS
U.S. DISTRICT COURT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 21-CV-60380-DIMITROULEAS/Hunt

JOSHUA E. GOLDSTEIN,

    **Plaintiff,**

vs.

BLACK & DECKER (U.S.) INC. AND
STANLEY BLACK & DECKER, INC.,

    **Defendants.**
_____/

## AGREEMENT TO ABIDE BY PROTECTIVE ORDER

    The undersigned independent expert retained by Plaintiff for use in this action has reviewed the Agreed Protective Order Regarding Production of Confidential, Proprietary and Trade Secret Information to Plaintiff dated _____ entered by the Court, understands the obligations and restrictions set forth therein, agrees to abide thereby and agrees to the jurisdiction of the Court to enforce this agreement.

                                                        _____
                                                        Signature of Expert

                                                        _____
                                                        Print Name

                                                        _____
                                                       Date

EXHIBIT "A"